UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIA LOUIS JEUNE,<br><br>      Plaintiff,<br><br>v.<br><br>NEWSMAX MEDIA, INC.,<br><br>      Defendant. | Civil Case No. 1:24-cv-05757-KPF<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

KATHERINE POLK FAILLA. U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic personal and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action by the Parties or any non-party to this case) that a person has designated as "Confidential" pursuant to this Order, no person subject to this

4913-1649-2049

Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits;

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) medical and mental health records;

(f) any information deemed confidential by banking laws and regulations; and

(g) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.	A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.	If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.	Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; production, or disclosure; (b) a waiver of any privilege or protection; (c) an admission by any Party or non-party that any particular document or information is, or is not, confidential; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.	Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

      (a)      the Parties to this action, their insurers, and counsel to their insurers;

      (b)      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

      (c)      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

      (d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      (e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      (f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto. However, in the event that such a witness declines to sign the Non-Disclosure Agreement, the parties shall meet and confer in good faith to agree on a secure process for sharing such Confidential Discovery Material;

      (g)      any person a Party consults or retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      (h)      stenographers engaged to transcribe depositions the Parties conduct in this action; and

      (i)      this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that they have read this Order and agree to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it securely until this action is finally resolved, and confirm in writing to opposing counsel that such document was signed either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

11. Redactions of Confidential Discovery Material shall be stamped "Redacted – Confidential". Where the reason for the redaction is not obvious on the redacted document's

face, any Party may request an explanation regarding why the redaction was made, and the Producing Party must respond promptly and in good faith.

Any Party may object to any redaction or designation of confidentiality at any time before the trial of this action and may serve upon counsel for the Production Party a written notice stating with particularity the grounds of the objection. The Parties shall attempt to resolve any such dispute promptly and in good faith.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Individual Practices of the District Court Judge or Magistrate Judge, as applicable.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Individual Practices of the District Court Judge or Magistrate Judge, as applicable.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably

4913-1649-2049

possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In particular, party or person receiving Confidential Discovery Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Discovery Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Discovery Material, and protect against unauthorized access to or use of such Confidential Discovery Material. To the extent that a party or person receiving Confidential Discovery Material does not have an information security program they may comply with this provision by having the Confidential Discovery Material stored with eDiscovery vendors or claims administrators that maintain such an information security program. If the party or person who has access to Confidential Discovery Material discovers a breach of security, including any actual or suspected unauthorized access, relating to Confidential Discovery Material, the receiving party shall: (1) promptly provide written notice to the designating party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.

16. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return or destroy such material, including all copies thereof. In either event, upon request by the Producing Party, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing of any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

17. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized access or disclosure.

18. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

19. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court

4913-1649-2049

(unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

20. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

21. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

SO STIPULATED AND AGREED ON THIS _____ DAY OF JANUARY, 2025.

4913-1649-2049

| | |
|---|---|
| EISENBERG & BAUM, LLP | LITTLER MENDELSON, P.C. |
| By: */s/ Reyna Lubin* | By: */s/ Margaret L. Watson* |
| Reyna Lubin | Margaret L. Watson |
| rlubin@eandblaw.com | mwatson@littler.com |
| 24 Union Square East, Penthouse | 900 Third Avenue |
| New York, NY  10003 | New York, NY  10022 |
| Telephone:  212-353-8700 | Telephone:  212-832-2719 |
| Attorneys for Plaintiff | Attorneys for Defendants |

This protective order does not bind the Court or any of its personnel.
The Court can modify this stipulation at any time.  The Court will retain
jurisdiction over the terms and conditions of this order only for the
pendency of this litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 9 of this Court's Individual Rules of
Civil Procedure.

Dated:     January 24, 2025         SO ORDERED.
           New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

4913-1649-2049